Booth, Judge,
delivered the opinion of the court:
The plaintiff, the National City Bank of Seattle, Washington, in December, 1917, was compelled to seek a new location and quarters for its banking operations. A lease was negotiated between the plaintiff and the owners of the Marion Building in said city. The parties finally agreed upon a fixed rental and other details of the transaction, among which the plaintiff was to expend the sum necessary to make the quarters suitable for banking business, and to *240 hold possession and occupancy of the premises for a period of five years. The plaintiff expended in equipping and decorating the rooms rented the sum of $33,413.99. In making its income-tax return for the year 1918, the plaintiff having gone into possession on October 1, 1918, this sum was deducted from the gross income of the bank as an expense under section 234 (a) (1) of the revenue act of 1918 (40 Stat. 1057). The Commissioner of Internal Revenue declined to allow the deduction, holding that said sum was a capital expenditure, which entitled the plaintiff to a deduction for exhaustion for each of the tax years to the expiration of the lease. Plaintiff, displeased with this decision, appealed to the Board of Tax Appeals. The decision of the board affirmed the commissioner. Thereafter the full amount of the tax was paid, a claim for refund denied, and this suit brought to recover the same, judgment for $30,688.34, with interest, being asked. The amount of the tax imposed, if plaintiff’s contention is untenable, is not disputed, and the facts are not disputed.
Plaintiff presses in this court the identical contention advanced before the commissioner and the Board of Tax Appeals. Relief from the payment of the additional tax is predicated upon the statutes of the State of Washington prescribing express formalities as to the execution of leases covering the occupancy of real property for a term of years, plaintiff insisting that under local laws the legal status of the rental transaction brings about a month-to-month tenancy, and hence precludes the action of the commissioner. The Board of Tax Appeals in a written opinion (1 B. T. A. 139) discussed .the issue extensively. This court can add nothing to the discussion and finds itself in accord with what the board said.
We think the petition is without merit and should be dismissed. It is so ordered.
Moss, Judge;- Graham, Judge; and Campbell, Chief Justice, concur.
Hay, Judge, absent.