## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* F. & R. LAZARUS & CO.

No. 56. Argued November 14, 1939.—Decided December 4, 1939.

*Mr. Norman D. Keller* argued the cause, and *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Ellis N. Slack* were on the brief, for petitioner.

*Messrs. Murray Seasongood* and *Robert P. Goldman,* with whom *Mr. Harry Stickney* was on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

In computing its net taxable income for 1930 and 1931, respondent claimed depreciation on three buildings occupied and used in its business as a department store.

During those years, the legal title to two of these properties and an assignment of a ninety-nine year lease to the third were in a bank as trustee for certain land-trust certificate holders. These properties had been transferred to the trustee by the respondent in 1928 and the trustee had at the same time leased all three back to respondent for ninety-nine years, with option to renew and purchase. In claiming the deduction, respondent insisted that the capital loss from wear, tear, and exhaustion of the buildings was falling upon it, thus entitling it to the statutory allowance for depreciation of buildings.[1] The Commissioner disallowed this deduction on the ground that the statutory right to depreciation follows legal title. Reviewing the evidence, the Board of Tax Appeals concluded that the transaction between respondent and the trustee bank was in reality a mortgage loan and ordered the deduction allowed,[2] and the Circuit Court of Appeals affirmed.[3] Upon facts which it considered "in all essential respects identical," the Court of Appeals for the Dis-

---

[1] Revenue Act of 1928, c. 852, 45 Stat. 791, 799–800. In computing net income there shall be allowed as deductions: . . .

*Depreciation.*—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

[2] 32 B. T. A. 633. The Board found the depreciable life of the property to be fifty years, instead of forty as originally claimed by respondent.

[3] 101 F. 2d 728; cf. *Commissioner* v. *H. .F. Neighbors Realty Co.*, 81 F. 2d 173.

trict of Columbia held depreciation not allowable.[4] Because of the different results reached by the Courts of Appeal, we granted certiorari.[5]

The federal income tax is aimed at net income determined from gross income less items such as necessary expenses incurred or capital consumed in earning it. Thus, the controlling statute permits a taxpayer in computing net income to deduct a "reasonable allowance for . . . exhaustion, wear and tear." While it may more often be that he who is both owner and user bears the burden of wear and exhaustion of business property in the nature of capital, one who is not the owner may nevertheless bear the burden of exhaustion of capital investment. Where it has been shown that a lessee using property in a trade or business must incur the loss resulting from depreciation of capital he has invested, the lessee has been held entitled to the statutory deduction.[6]

Here, the taxpayer used business property in which it had a depreciable capital investment, provided it had not recovered its investment through a sale. The Board in substantial effect found that the instrument under which the taxpayer purported to convey legal ownership to the trustee bank was in reality given and accepted as no more than security for a loan on the property; the "rent" stipulated in the concurrently executed ninety-nine year "lease" back was intended as a promise to pay an agreed five per cent interest on the loan; and the "depreciation fund" required by the "lease" was intended as an amortization fund, designed to pay off the loan

---

[4] *City National Bank Building Co.* v. *Helvering*, 68 App. D. C. 344; 98 F. 2d 216, 217.

[5] *Post*, p. 537.

[6] *Duffy* v. *Central R. Co.*, 268 U. S. 55; Appeal of Gladding Dry Goods Co., 2 B. T. A. 336, 338; *Cogar* v. *Commissioner*, 44 F. 2d 554. See, *Bowman Co.* v. *Commissioner*, 59 App. D. C. 13; 32 F. 2d 404, 405; *National City Bank* v. *United States*, 64 C. Cls. 236, cert. den. 276 U. S. 620; *Commissioner* v. *H. F. Neighbors Realty Co.*, *supra*.

in forty-eight and one-half years. These findings are supported by evidence which permits, at most, conflicting inferences and are, therefore, conclusive here. And, unless the Board committed error of law we must affirm.[7]

We think the Board justifiably concluded from its findings that the transaction between the taxpayer and the trustee bank, in written form a transfer of ownership with a lease back, was actually a loan secured by the property involved. General recognition has been given the "established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as security for a loan of money."[8] In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding. Congress has specifically emphasized the equitable nature of proceedings before the Board of Tax Appeals by requiring the Board to act "in accordance with the rules of evidence applicable in courts of equity of the District of Columbia." 26 U. S. C. 611.

The Government relies in part upon *Senior* v. *Braden,* 295 U. S. 422. Whatever the significance of that case, it can have no application here. In the *Braden* case, the equitable doctrine—here controlling—of looking to extrinsic evidence behind a transfer absolute on its face to determine whether only a security transaction was contemplated by the parties, was neither invoked nor passed upon.

Judgment below is

*Affirmed.*

MR. JUSTICE REED took no part in the consideration or decision of this case.

---

[7] 26 U. S. C. 641 (c).

[8] *Peugh* v. *Davis,* 96 U. S. 332, 336; *Hughes* v. *Edwards,* 9 Wheat. 489, 495; *Russell* v. *Southard,* 12 How. 139; *Teal* v. *Walker,* 111 U. S. 242. See cases collected in 79 A. L. R. 937.