*342 OPINION.
Aknold :
We have found as a fact that it was not the intention of the parties that interest should be paid or collected on the amounts withdrawn for personal use. No interest was in fact paid or collected on the amounts withdrawn from the time the business first started as a partnership in 1895. This method of handling withdrawals continued after incorporation to and including the years before us. In 1920 when notes were first given it was understood by the makers and the corporation that no interest was to be paid or collected on the notes, and those subsequently given were executed and delivered with that understanding. .The purpose of taking notes to balance the accounts at the end of each year was to avoid the inconvenience and difficulty, should a dispute arise, of making proof of the amount due from the books over a period of years. The 'old notes were canceled when new ones were given, and no interest on the old notes was paid or collected, and none carried forward and included in the renewals. No interest was paid or collected on those discharged by other than renewal notes. While the interest provision was not stricken from the face of the notes, the evidence clearly shows that this provision was considered immaterial and that no liability for interest was intended or created. Interest was not accrued on petitioner’s books at any time. The notes were executed and delivered by those making withdrawals and accepted by petitioner with the understanding that no interest was to be paid or collected.
Eespondent objected to the introduction of evidence to the effect that no interest was to be charged or collected, on the ground that as the notes on their face provided for interest, such evidence had the effect of varying the terms of a written instrument by parol, and cites authorities in support of that general principle.
We have held that the general rule contended for by the respondent does not apply in tax proceedings where the Commissioner was not a party to the instrument or in privity with the parties. James D. Boone, 27 B. T. A. 1064; Stratton Grocery Co., 8 B. T. A. 317; Amalgamated Sugar Co., 4 B. T. A. 568; Converse & Co., 1 B. T. A. 742. See also Indianapolis Glove Co. v. United States, 96 Fed. (2d) 816; Tex-Penn Oil Co. v. Commissioner, 83 Fed. (2d) 518; affd., 300 U. S. 481.
This Board and the courts are not rigidly bound by formal written documents in determining questions in the field of taxation, since it is the substance and the realities of the transaction that must govern. Helvering v. Lazarus & Co., 308 U. S. 252; Tex-Penn Oil Co. v. Commissioner, supra. While the notes here given formally provided for interest, it is clearly established by the evi- *343 clence that the parties intended that no interest should be charged or paid. In pursuance of such intention no interest was in fact paid and no interest was ever accrued by petitioner on its books. As no liability for interest was ever created, the respondent erred in including the interest in controversy in petitioner’s gross income.
In so deciding we have considered various cases cited by the respondent, including Umpqua Timber Co., 27 B. T. A. 135; Bettendorf Co., 34 B. T. A. 72; Estate of G. A. E. Kohler, 37 B. T. A. 1019; Title Guarantee & Trust Co., Executor, 40 B. T. A. 475, and others. In these cases a liability existed. Here no liability was created. The important factor in this case is succinctly stated in Spring City Foundry Co. v. Commissioner, 292 U. S. 182, 184, wherein it is said: “When the right to receive ah amount becomes fixed, the right accrues.” Here, the right to receive never came into existence because the parties never intended to create any liability for interest by the giving or by the acceptance of notes.

Decision will be entered umder Bule 50.