## MIDWOOD ASSOCIATES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 45.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1940.

Wilbur H. Friedman, of New York City (Proskauer, Rose & Paskus and Jacob P. Aronson, all of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Edwin E. Huddleson, Jr., of Washington, D. C., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents but a single issue: whether under the circumstances hereafter to be stated the petitioner received taxable income for the year 1934 by reason of rents paid under a lease made by the petitioner as lessor. The facts were stipulated.

The petitioner is a New York corporation whose business is buying, selling and renting real estate. Its stock was originally owned in equal parts by three men, who were also its only directors and officers. One of them died in 1925 and was succeeded by his wife as stockholder, director and officer. There have been no other changes in the officers, directors or stockholders since organization of the corporation in 1917. In 1923 the corporation acquired a tract of vacant land on Flatbush Avenue, Brooklyn, and made a lease of it for a term of 21 years from December 1, 1923, with an option to the lessee to renew for a second term of 21 years. The lessee was to erect a building before November 1, 1924, according to plans to be approved by the lessor, and in addition to paying an annual rental, in specified monthly amounts, was to keep the building in repair and to pay all taxes, assessments and charges

which might become a lien upon the premises; that is, it was what is called a "net lease." On January 2, 1924, the three directors and stockholders of the corporation passed a resolution which it contends operated as an assignment (or, in the alternative, as a declaration of trust) of all future rents to accrue under the lease. The resolution read as follows: "In view of the large obligations of the Company and the speculative nature of its business, and in order to assure our wives and children of a regular and steady sum of money each month, be it resolved, That all rents which may hereafter be received from [the lessee] be divided equally and paid to our respective wives, Betsey C. Ohnewald, Adelaide H. Davis and Laura R. Hill, each month." Pursuant to this resolution the lessor instructed the lessee to pay the rent to John Reis Co., a real estate agent. For eleven years this agent has collected the rents from the lessee, credited them on its books to accounts set up for the three wives and promptly paid over the money to them. The wives have not returned the money to their husbands; they have deposited it in their own accounts and have reported it in their own income tax returns. John Reis Co. is a corporation whose stock was owned by two of the petitioner's three shareholders; it managed for the petitioner such of the petitioner's rented real estate as was not under "net" leases. On January 2, 1924 the petitioner's assets exceeded its liabilities without regard to the Flatbush Avenue property and this condition continued beyond December 31, 1934. Neither the lease nor the rents paid thereunder ever appeared on the books of the petitioner. Throughout the entire period the Flatbush Avenue property has stood on the petitioner's books at $34,038.64. From 1924 to 1934 inclusive the petitioner reported net income and in most of the years made substantial distributions to its stockholders. Upon the foregoing facts the Board ruled that the 1934 rentals were income of the petitioner received through its agent, John Reis Co.

■ The Board construed the resolution as being neither an assignment nor a declaration of trust. This is not a finding of fact, as counsel for the respondent contends; it is an interpretation of a written document, and this court is free to construe the writing for itself. Union Trust Co. v. Commissioner, 3 Cir., 84 F.2d 386, 387;

Commissioner v. Boeing, 9 Cir., 106 F.2d 305, 309. The decision of Helvering v. Lazarus & Co., 308 U.S. 252, 60 S.Ct. 209, 84 L.Ed. 226, does not hold to the contrary. There the findings of the Board that were held conclusive on the court related to the intent of the parties inferred from facts extraneous to the words of the written instrument and permitting of conflicting inferences. On the whole we are satisfied that the Board's construction of the resolution was correct.

■ · The resolution contains no words of assignment or of trust. This, however, would not be fatal to the petitioner's contentions if it disclosed an intention either to transfer a legal title or to hold it upon a definite trust. Iowa Bridge Co. v. Commissioner, 8 Cir., 39 F.2d 777, 781; Ingram v. Mandler, 10 Cir., 56 F.2d 994, 996; Chicago, etc. Ry. Co. v. Des Moines, etc., Ry. Co., 254 U.S. 196, 208, 41 S.Ct. 81, 65 L.Ed. 219; Bingen v. First Trust Co. of St. Paul, 8 Cir., 103 F.2d 260, 263; Am. L. Inst. Restatement of Trusts, § 24(2). Where technical words are not used, it is often difficult to know what the intent of the parties really was.

■ In the case at bar, it can be seen that the stockholders desired to put the rentals beyond the reach of creditors of the corporation and have them paid over to the stockholders' respective wives; but it is not clear that they intended an irrevocable transfer of the lessee's covenant to pay rent. Verbally, at least, the resolution is consistent with retention of future control. The rents "which may hereafter be received" from the lessee were to be "divided equally and paid to our respective wives." This contemplates that someone was to do the receiving, dividing and paying over. The corporation instructed the lessee to pay the rent to a real estate agent and it is a fair inference that it also instructed the agent what disposition to make of the rents so received. We cannot be sure that the instructions were intended to be irrevocable nor that the wives were intended to be vested with rights which should survive a termination of the marital relationship or the occurrence of any other circumstance which might lead the stockholders to desire to make a different disposition of rents accruing thereafter. Suppose, for example, that a wife was divorced or died, it is by no means clear that one-third of the rent was to continue to be paid to her or her estate. In short, the resolution is capable

of being read as setting up merely a revocable and permissive arrangement to be carried out until the stockholders should vote otherwise. And the conduct of the parties during the past eleven years is as consistent with such an interpretation as with the theory that an assignment or declaration of trust in favor of the wives was intended. Nelson v. Ferguson, 3 Cir., 56 F. 2d 121, certiorari denied 286 U.S. 565, 52 S. Ct. 646, 76 L.Ed. 1297, upon which the petitioner strongly relies, is distinguishable. There the instrument expressed an intent to give to the donor's wife the royalties to be paid during the life of the royalty agreement and he instructed the licensee to make payments direct to her. Here the petitioner gave no irrevocable instructions to the agent which it nominated.

Moreover, under the decision of the Supreme Court in Helvering v. Horst, 61 S. Ct. 144, 85 L.Ed. —— (decided November 25, 1940), the order of the Board would be correct, even if the resolution were construed as an assignment of future rents. That case holds that an assignment of rights to receive income payable in the future does not relieve the assignor from being taxed thereon where he retains title to the property which produces the income. See also Helvering v. Eubank, 61 S.Ct. 149, 85 L.Ed. ——, also decided by the Supreme Court on Nov. 25, 1940.

Finding no error in the Board's ruling that the 1934 rents were taxable income of the petitioner we affirm the order.

Order affirmed.