Maurice T. Weinshenk and Harry W. Standidge, both of Chicago, Ill., for petitioner.

J. P. Wenchel, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

**SHELDON BLDG. CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 7490.**

Circuit Court of Appeals, Seventh Circuit.

March 21, 1941.

Rehearing Denied April 15, 1941.

SPARKS, Circuit Judge.

The taxpayer petitions to review a decision of the Board of Tax Appeals involving income and excess profits taxes for the years ending July 31, 1936 and 1937.

In 1927, Harry S. Aberman, Milton C. Lippitz, Abe M. Braun and Sidney Aberman, as partners, purchased a building in Chicago. Title to the property was taken in the name of Harry S. Aberman who, jointly with his wife, held fifty-eight per cent interest in the partnership. Lippitz and wife jointly held twenty-seven per cent, Braun held ten per cent, and Sidney Aberman held five per cent. In 1931, a judgment was obtained against Harry S. Aberman and Lippitz, and all the partners, in order to protect their building from attachment, upon advice of counsel, decided to organize a corporation to hold the title to the building. On December 30, 1931, a so-called "Preorganization Agreement" was entered into by the partners and the wives of two of them. It was recited therein that Harry S. Aberman was then engaged in other enterprises, and by reason thereof was obligated on various other obligations, which might develop into liens on this property. It was agreed therein among other things that the purposes of the corporation were to hold title to the building, for the benefit of the parties to the agreement, to enter into leases, to issue bonds and notes, and to improve and remodel the building. It was further agreed that the partners would not sell their stock without first offering it to the other stockholders, nor would they bequeath the stock to any person other than the members of

their immediate families. A certificate of incorporation was issued in the following January, the partners becoming directors. The building was transferred to the corporation, and the partners received stock in proportion to their interests. In 1935, Harry S. Aberman, as president, received a salary of $3,750. Income tax returns for the corporation were filed either by the president or one of the other directors. The corporation had its own bank account, and it also bought electricity from the partnership, and retailed it to the tenants in the building. It also entered into leases with these tenants, and after foreclosure of the mortgage on the building in 1933, it issued new bonds in the amount of $292,000.

Federal capital stock returns were filed for the corporation for the years ended June 30, 1936 and 1937. The Board found that the Sheldon Building Corporation was the taxable entity.

It is contended by petitioner that the members of the partnership, rather than the corporation should be assessed with the tax here involved, because during the years 1936 and 1937 they had the equitable title to, and the actual command over, the property here involved. We think it is clear that neither the individual members of the partnership, nor the partnership itself, as such, had any command whatever over this property with respect to the powers granted the corporation. We are further convinced that they held no equitable title thereto which could in any way militate against the operation of the powers granted to the corporation. If this be not true, the primary purpose of the agreement to deter the creditors of Harry S. Aberman would be of no avail. It may be conceded that a corporation in certain respects is a fiction, but certainly it would not be equitable to treat this corporation as a fact as against the creditors and a fiction against the Government.

To support its contention, petitioner relies upon the following cases: Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L. Ed. 916; Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Helvering v. Lazarus & Co., 308 U. S. 252, 60 S.Ct. 209, 84 L.Ed. 226; Griffiths v. Helvering, Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L. Ed. 406; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; and City National Bank & Trust Co. v. United States,

7 Cir., 109 F.2d 191. In all of these cases, except the Lazarus, upon the facts particularly stated therein, the courts disregarded the corporate form or conveyance to trusts and held the individual liable for the tax. It is not necessary to set forth the facts of these cases. It is sufficient to say that they substantially supported the conclusion.

In the Clifford case, supra, the Court held that the determination of whether the grantor of the conveyance to the corporation remains the owner for the purpose of taxation is a question of fact to be decided by the Board of Tax Appeals, and that such determination must depend upon the terms of the conveyance and upon all circumstances attendant on its creation and operation. See also Helvering v. Lazarus & Co., supra.

In none of the cases cited were the facts so persuasive as to corporate ownership and operation as in the case at bar, and as stated in the Clifford case, we cannot say that the Board in this case committed reversible error in its findings.

The decision of the Board is affirmed.