*984 OPINION.
Akundell:
The question before us is whether or not petitioner is entitled to depreciation on certain leasehold improvements made by petitioner’s predecessor. Petitioner contends that the right to depreciation depends upon the right to the continued use and enjoyment of the property. It maintains that the old company made improvements and was entitled to depreciate the amounts expended on the basis of the probable useful life of the improvements and that petitioner stands in the shoes of the old company for purposes of determining petitioner’s right to depreciate the cost of the improvements. Kespondent argues that upon cancellation of the lease of April 7,1930, the old company lost possession of the property and, in consequence thereof, lost its right to depreciate the improvements.
It is clear that depreciation may be taken by a taxpayer on its capital investment in property used in its trade or business even though title to the depreciable property is vested in another. Helvering v. Lazarus & Co., 308 U. S. 252. We are of the opinion, however, that petitioner is not entitled to depreciation, regardless of whether we look to title of the property or to the right to its continued use and enjoyment.
Careful analysis will demonstrate that petitioner’s contention has no sound basis. Petitioner is attempting to use in the taxable year the basis of the old company. Petitioner did not make or pay for the improvements. Only property transferred in a nontaxable reorganization may be taken up on the new company’s books at the old basis. *985 See sec. 113 (a) (7), Revenue Act of 1938. Here petitioner received no property from the old company which would entitle petitioner to the claimed depreciation. Admittedly, title to the improvements vested in the original lessor under the 1930 lease. Thus, it was not title which passed to petitioner. The right to use property which is subject to lease obviously must be derived from the lease agreement. The lease under which the improvements were made by the old company was not the lease in effect at the time the old company transferred its assets to petitioner. The lease of December 14, 1932, effectually canceled the 1930 lease. The 1932 lease gave petitioner’s predecessor the right of use of the premises, but contained a clause which would permit the lessor to cancel the lease upon 90 days’ notice. It was this provision which caused the reorganization of the business so that petitioner received all the assets of the old company, with the exception of the lease, and liabilities thereunder and certain other leases. The instrument transferring the assets to petitioner specifically stated that the lease was not part of the transfer. Thus petitioner did not receive the lease. Since the lease is essentially tied up with the right to use the improvements, it necessarily follows that petitioner did not receive the right to use the improvements other than at the sufferance of the lessor.
Petitioner is here attempting to derive a tax advantage from the depreciation of property which it never acquired and for which it never paid. The transfer of the old company’s assets to petitioner in exchange for petitioner’s stock did riot cause the depreciable property to pass to petitioner. We are struck by the fact that the controlling powers of the old company, and subsequently of petitioner, went to great length to absolve petitioner from liabilities under the lease. We are of the opinion that petitioner can not, on the one hand, for purposes of bargaining with the lessor, disavow the lease and, on the other, assert its validity. Petitioner can not derive any rights of use under a lease which specifically was not transferred to it.
Petitioner relies upon the case of Cogar v. Commissioner, 44 Fed. (2d) 554; rehearing denied, 51 Fed. (2d) 501. That case is authority for the proposition that an assignee who pays valuable consideration for a lease may depreciate the cost or purchase price of improvements. The case is clearly distinguishable from the instant one in that here nothing was transferred.
The lease of December 14, 1932, suggests a further ground for sustaining respondent’s determination. That lease effectually terminated the original lease between 721 Fifth and the old company. The Supreme Court has laid down the rule that a lessor may realize income upon improvements to realty made by the lessee, upon cancellation or termination of the lease. Helvering v. Bruun, 309 U. S. 461. Thus, at the time the lease of December 14, 1932, was entered into, 721 Fifth may have realized income on the improvements to the realty. See Lewis v. *986 Pope Estate Co., 116 Fed. (2d) 328, 330. It is difficult to find any right to a basis for depreciation in the lessee after that time. It should be noted that in the taxable year a third lease was in effect under which petitioner was lessee and the Fifty Six & Fifth Corporation was- lessor. Thus, all parties to the lease in force during the taxable year were different from those of the original lease.
The record of this proceeding is not sufficient for us to determine that the amounts paid by petitioner for building improvements in 1933 and 1934, aggregating $3,741.61, should have a treatment differing from the sum of $618,964.64 expended, by the old company in 1931. Respondent’s determination that petitioner is not entitled to depreciation on the amounts expended for building improvements is sustained.
The parties have stipulated that petitioner is entitled to deductions not claimed on its return for the taxable year for New York City business taxes in the sum of $645.73, New York City sales taxes in the sum of $840.04, and an additional deduction for New York City franchise taxes in the sum of $7,409.40. These adjustments will be reflected upon recomputation.

Decision will be entered under Bule 50.