## KOCH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10506.

Circuit Court of Appeals, Ninth Circuit.

Dec. 11, 1944.

---

[9] United States v. Krulewitch, supra.

Gerald S. Chargin and Victor E. Cappa, both of San Jose, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Carlton Fox and Helen Goodner, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Between December 20, 1938, and May 31, 1939, Adolph J. Koch, hereafter called decedent, transferred property (real estate, stocks, bonds, bank deposits and cash) of the value of $204,442.51. The transfers were made to the persons and in the amounts indicated below.

| | |
|---|---|
| To George A. Koch, son of decedent | $102,440.98 |
| To Ralph J. Swickard, grandson of decedent | 21,000.00 |
| To George A. Koch, trustee, in trust for Ralph J. Swickard | 79,001.53 |
| To Mollie Koch (Mrs. Valentine Koch), sister-in-law of decedent | 1,000.00 |
| To Daisy Koch, niece of decedent | 1,000.00 |
| Total | $204,442.51 |

Decedent died on June 29, 1939. As executor of decedent's last will, petitioner, George A. Koch, filed an estate tax return on October 19, 1939, and paid an estate tax based on that return. In that return, the value of decedent's gross estate was stated to be $142,605.39. In determining that value, petitioner did not include the value of the transferred property ($204,442.51) or any part thereof. Respondent, the Commissioner of Internal Revenue, held that the value of the transferred property should have been included. He accordingly determined at estate tax deficiency of $22,544.-18. Petitioner thereupon petitioned the Tax Court (then called the Board of Tax Appeals) for a redetermination of the deficiency. Respondent answered, a hearing was had, and the Tax Court made its findings of fact and entered a decision sustaining respondent's determination. Petitioner seeks reversal of the Tax Court's decision.

The question is whether, in determining the value of decedent's gross estate, the value of the transferred property was includible. Respondent and the Tax Court held that it was. Petitioner contends that it was not. Determination of the question is governed by § 811 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811, the pertinent provisions of which are as follows:

"Sec. 811. Gross estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \*

"(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, \* \* \* except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of . death \* \* \*."

Admittedly, the transfers made by decedent were gifts, not sales. Hence, if they were made in contemplation of death, the value of the transferred property was includible in determining the value of decedent's gross estate. The Tax Court found that the transfers were made in contemplation of death. Petitioner says that the finding is not supported by substantial evidence. Petitioner is mistaken. The evidence shows the following facts:

Decedent, a resident of California, had a wife (Elizabeth Koch), a son (George A. Koch), a daughter (Hilda Koch Swickard) and three brothers (Fred Koch, Karl Koch and Valentine Koch). Hilda Koch Swickard had a son (Ralph J. Swickard). Valentine Koch had a wife (Mollie Koch) and a daughter (Daisy Koch). Elizabeth Koch, Hilda Koch Swickard and Valentine Koch died prior to July 25, 1935.

On July 25, 1935, decedent, who at that time was 80 years old,[1] made his last will. He thereby bequeathed $5,000 to Karl Koch, $1,000 to Mollie Koch, $1,000 to Daisy Koch, one-half of the residue of his property to George A. Koch and the other half to George A. Koch, trustee, in trust for Ralph J. Swickard.

On an undisclosed date in or prior to 1936, decedent was injured in an automobile accident, concerning which the Tax Court found: "The injury sustained by [decedent] probably broke a muscle and caused an inside hemorrhage over his right hip. During the six or eight weeks following the accident, the attending physician withdrew from the injured side several quarts of fluid. The injury left the decedent with a large depression in his right side, and thereafter the side bothered him. At times he would say: 'This automobile injury has come back on me.' He complained of having 'rheumatism pain,' and had an electric ring which he sat on and put around him. He said the ring soothed and helped him." These findings are amply supported by evidence.

In April, 1936, Mrs. Angeline Compton, a practical nurse of 15 years' experience, was employed by decedent as his housekeeper. She remained in his employ until April, 1937, was re-employed by him in May, 1938, and remained in his employ until his death.

On May 18, 1938, decedent—then 83 years old—had a stroke which Dr. E. L. Cottrell, the physician who attended him, testified was a paralytic stroke. Decedent was alone when stricken, but managed to get to his bed, where Mrs. Compton found him. Dr. Cottrell attended decedent on May 18, 1938, and almost daily thereafter until June 22, 1938. When first seen by Dr. Cottrell, decedent was unable to use his left hand and left leg. At the time of Dr. Cottrell's last visit, decedent was able to stand by the bed with the use of crutches for support, but was not yet able to walk unassisted. Later, he was able to, and did at times, walk unassisted, without crutch or cane. It is clear, however, that his recovery was only partial, and that, as the Tax Court found, "the after effects together with the disability resulting from the automobile accident and general senility, had caused him to become pretty much of an invalid."

As stated before, the transfers in question were made by decedent between December 20, 1938, and May 31, 1939. The transfers were to legatees named in decedent's will—Mollie Koch, Daisy Koch, George A. Koch and Ralph J. Swickard. The transfers to Mollie Koch and Daisy Koch were declared by decedent to be "in lieu of" and "in payment of" bequests made to them.[2] Such a declaration respecting the transfers to George A. Koch and Ralph J. Swickard would have been superfluous, they being residuary legatees. That decedent, in making these transfers, had the provisions of his will in mind cannot be doubted.

Decedent died on June 29, 1939—in his 85th year. The cause of his death was an extraperitoneal hemorrhage due to rupture of the left hypogastric artery, probably caused by a fall in the bathroom the previous day. Contributing causes were chronic interstitial nephritis, with cystic degeneration of the right kidney, and senility.

From these and other facts disclosed by the evidence, the Tax Court could reasonably infer, as it did, that the transfers were made in contemplation of death.[3] We do not say that it was compelled to draw that inference. We assume, without deciding, that it could reasonably have inferred that the transfers were not made in contemplation of death.[4] That, however, is of no moment here, for it is the function of the Tax Court, not this court, to draw inferences from facts and to choose between conflicting inferences.[5] Supported, as it is, by substantial evidence, the Tax Court's

---

[1] Decedent was born on March 24, 1855.

[2] Decedent so declared in codicils which he added to his will after making the transfers to Mollie Koch and Daisy Koch.

[3] Cf. Flack v. Holtegel, 7 Cir., 93 F.2d 512; Farmers' Loan & Trust Co. v. Bowers, 2 Cir., 98 F.2d 794; Oliver v. Bell, 3 Cir., 103 F.2d 760; Smails v. O'Malley, 8 Cir., 127 F.2d 410; McGrew's Estate v. Commissioner of Internal Revenue, 6 Cir., 135 F.2d 158.

[4] Cf. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; Colorado National Bank v. Commissioner of Internal Revenue, 305 U.S. 23, 59 S.Ct. 48, 83 L.Ed. 20.

[5] Palmer v. Commissioner of Internal Revenue, 302 U.S. 63, 70, 58 S.Ct. 67, 82 L.Ed. 50; Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L. Ed. 1346; Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 86

262

finding that the transfers were made in contemplation of death is conclusive.[6]

Decision affirmed.

L.Ed. 1352; Equitable Life Assurance Society v. Commissioner of Internal Revenue, 321 U.S. 560, 563, 64 S.Ct. 722.

[6] Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289; Burnet v. Leininger, 285 U.S. 136, 138, 52 S.Ct. 345, 76 L.Ed. 665; Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Elmhurst Cemetery Co. v. Commissioner of Internal Revenue, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 388; Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 490, 57 S.Ct. 569, 81 L.Ed. 755; Palmer v. Commissioner of Internal Revenue, supra; Helvering v. National Grocery Co., supra; Colorado National Bank v. Commissioner of Internal Revenue, supra; Helvering v. F. & R. Lazarus & Co., 308 U.S. 252, 255, 60 S.Ct. 209, 84 L.Ed. 226; Helvering v. Kehoe, 309 U.S. 277, 279, 60 S.Ct. 549, 84 L.Ed. 751; Wilmington Trust Co. v. Commissioner of Internal Revenue, supra; Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 494–502, 64 S.Ct. 239; Equitable Life Assurance Society v. Commissioner of Internal Revenue, supra.