EDNA W. GARDNER TRUST, THE THIRD NATIONAL BANK AND TRUST COMPANY, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31739.  Promulgated August 6, 1953.

*Meredith M. Daubin, Esq.*, for the petitioner.
*Reuben D. Clark, Esq.*, for the respondent.

890

892

OPINION.

BLACK, *Judge:* This proceeding involves the question of determining the cost basis of certain stock constituting the corpus of the Edna W. Gardner Trust, which stock was redeemed in a taxable exchange in 1943. The cost basis of this stock depends, in turn, on the basis of stock originally transferred to the trust by Robert B. Gardner on December 29, 1921. It has been stipulated between the parties that in the event this Court determines that the transfer of December 29, 1921, was a voluntary gift, the cost basis of the redeemed stock should be $68,849.83, or the cost basis of the original stock in the hands of the settlor. However, in the event this Court determines that Edna W. Gardner and the Edna W. Gardner Trust acquired the original stock by purchase, it has been further stipulated between the parties that the proper basis of the redeemed stock should be $112,500, as reported by petitioner in its return of income for 1943.

It seems to be agreed by the parties that if Robert transferred the shares of stock to the trust as part of a property settlement with his

wife in contemplation of divorce and in consideration of which property settlement she was to release to Robert her marital rights, then the trust acquired the stock by purchase and not by gift. But respondent has determined that the trust acquired the stock by gift and he still maintains that view in his brief.

We think it is proper to point out that this case is not one where a husband, living on amicable terms with his wife, makes a gift to her in trust because of the love and affection which he has for her. If we had such a case the result would be entirely different. But we have no such state of facts here.

The situation we have here is in some respects similar to the one we had in *Norman Taurog*, 11 T. C. 1016. In that case we said:

It would be unreasonable, we think, to say, where, as here, a husband and wife had come to the parting of the ways and had separated and after prolonged negotiations had arrived at a property division in which the wife was to receive one-half of the community property, which property she was entitled to receive under the laws of California and which division of property was to be embodied in the divorce decree and was in fact made a part of the decree, that the husband was thereby making a gift to his wife of the property which was transferred to her. We, therefore, hold, on the strength of the authorities cited above, that the division of community property which took place between petitioner and his wife in an arm's length agreement which was made a part of the divorce decree, was made pursuant to and in discharge of an obligation imposed by the judgment of divorce and was for an adequate and full consideration in money or money's worth and, therefore, was not a gift.

It is true, of course, that the question in the *Taurog* case, *supra*, was not the same as that involved here and the facts were somewhat different, nevertheless we think that the underlying reasons which caused us to hold there was no gift from Taurog to his wife in that case should cause us to hold in the instant case that the transfer in trust by Robert to his wife, Edna, was not a gift to her but was part of a property settlement. We so hold. The parties have agreed that if we so hold, then petitioner's cost basis for the stock in question is $112,500.

The respondent's argument that the trust transfer to Edna was a gift from Robert, in "essence" is that the use of the words "voluntary gift" in the trust agreement of December 29, 1921, in effect conclusively makes it so. The respondent apparently would have this Court close its eyes to all of the other evidence of record which, in our opinion, shows "no donative intent, no gift" and that the husband and wife deal in an arm's-length transaction by which the husband transferred property for and in consideration of her releases, which were subsequently carried out in the agreement of June 30, 1923. In *Helvering v. F. & R. Lazarus & Co.*, 308 U. S. 252, the Supreme Court has held: "In the field of taxation, administrators of the laws and the courts are concerned with substance and realities, and formal written documents are not rigidly binding."

Petitioner contends in the alternative as follows:

It is urged that the Decree of the Ohio Court (Petitioner's Exhibit 6) based upon the complaint, answers, and a hearing with evidence and findings of fact is a final decree which determines that the trust was established in the instant case as a result of an oral agreement and in consideration of the wife's release of dower and inheritance and that such Decree of the Ohio Court is binding upon a Federal Court in determination of the *character of the trust.* See *Edward T. Blair* v. *Commissioner*, 300 U. S. 5, 57 Sup. Ct. 330.

We have included in our Findings of Fact the decree of the Ohio State Court. However, having already decided the issue here involved in petitioner's favor, we do not deem it necessary to decide petitioner's alternative contention.

*Decision will be entered for the petitioner.*