INGRAM, Judge
(dissenting):
I respectfully dissent from the majority opinion regarding the trial court’s interpretation of the phrase “net income after taxes.” There are, in my opinion, few phrases whose definitions are more widely understood or more likely to lend themselves to but one interpretation. Alabama law defines net income as follows:
“In the case of an individual, the term ‘net income’ means the gross income as defined by section 40-18-14, less the deductions allowed by section 40-18-15.”
§ 40-18-12, Ala.Code 1975 (1985 Repl.Vol.).
Net income for federal income tax purposes is similarly defined as follows:
“ ‘Taxation on net, not on gross, income has always been the broad basic policy of our income tax laws. Net in *491 come may be defined as what remains out of gross income after subtracting the ordinary and necessary expenses incurred in efforts to obtain or to keep it.’ McDonald v. CIR, 323 U.S. 57, 66-67, 65 S.Ct. 96, 100, 89 L.Ed. 68, 155 A.L.R. 119 (1944) (dissenting opinion of Mr. Justice Black).”
Estate of Walling v. Commissioner, 373 F.2d 190, 193 (3d Cir.1967) (emphasis added). Accord, Helvering v. F. & R. Lazarus & Co., 308 U.S. 252, 60 S.Ct. 209, 84 L.Ed. 226 (1939).
I know of no method of determining “net income after taxes” than to allow legal deductions or ordinary and necessary expenses to be subtracted from gross income. Because this is the commonly accepted method of determination, I am not satisfied that the phrase was ambiguous in its application to the case before us. I, therefore, believe that the trial court committed reversible error by fashioning a meaning for this unambiguous phrase. In the case of an unambiguous agreement, the court’s only function should be to interpret the lawful meaning and intentions of the parties and to give effect to them. Trimble v. Todd, 510 So.2d 810 (Ala.1987). The plain and lawful meaning of the terms of the agreement should be applied, and the parties should be presumed to have intended what the terms clearly state. Terry Cove North, Inc. v. Baldwin County Sewer Authority, Inc., 480 So.2d 1171 (Ala.1985). The trial court found and decreed that the “plaintiff was to calculate his alimony and support obligation by deducting only taxes mandated by law from his gross income.” Such a definition could, perhaps, be appropriate for what is generally referred to as “take-home pay,” but not “net income after taxes.”
Nor do I share the majority’s fear that a definition of net income after taxes arrived at in accordance with income tax statutes would place the “children’s needs at the mercy of all of the father’s taxable deductions, adjustments, and exemptions.” This seems particularly true in view of the trial court’s original decree of divorce dated October 31, 1983, which incorporated the agreement of the parties. The pertinent language is found at paragraph “FIFTH C.” as follows:
“Subject to the minimum payment provided for in Subparagraph B hereof, Husband shall hereafter pay to Wife an aggregate amount of alimony and child support equal to twenty-five percent (25%) of Husband’s net income after taxes, subject to a maximum obligation of Two Thousand Five Hundred Dollars ($2,500.00) as long as the periodic alimony obligation shall exist, and subject to a maximum amount of Two Thousand Dollars ($2,000.00) after the alimony obligation shall cease. Once the alimony obligation shall have ceased, child support shall never be less than Twelve Hundred Dollars ($1,200.00) per month or more than Two Thousand Dollars ($2,000.00) per month, according to the formula herein provided.” (Emphasis added.)
I am satisfied that the ceiling and floor figures incorporated in the original decree hold the amount of child support payments within reasonably acceptable limits. For example, upon the cessation of alimony (which has occurred), the minimum child support, regardless of the husband’s net income after taxes, would never fall below $1,200.00 per month, or $600.00 per child each month; yet the maximum support would never rise above $1,000.00 per child each month.
The majority notes that “the father does not contend that the provision of this agreement is unambiguous,” yet the wife, while asserting that the trial court was correct, states in her argument here that “[t]he real dispute exists over the interpretation of the phrase ‘net income after taxes.’ ”
The trial court found that the definition of net income after taxes was “apparently” ambiguous and, consequently, allowed par-ol evidence. The parol evidence essentially indicated that there was no discussion with the wife as to the deduction of tax deductible expenses. The husband’s principal contention here is that for four years the wife never objected to how the amount of the husband’s support was arrived at, nor did she communicate with the husband on *492 the subject. In fact, soon after the husband’s payment of $1,550.00 per month began on May 1, 1986, the wife wrote the husband informing him of her upcoming marriage plans. She also stated to him that her counsel had advised her
“that the payments for child support will be twelve hundred plus forty dollars. The forty dollars is based on the new income figures that you sent me last month. Skip and I are getting married May 29th so that will start with June the 1st.”
I feel that this strengthens the conclusion that the wife did understand the agreement and abided by it for almost four years until the husband filed a petition to modify his visitation privileges with the minor children. The wife then filed her cross-petition to modify the child support payments, requesting a minimum child support payment and arrearages in accordance with her interpretation of the child support provision in the divorce decree.
I would hold that there is no ambiguity in the definition of net income after taxes and that the trial court’s finding of an ambiguity should be reversed. It was not within the province of the trial court to make or remake the agreement for the parties. Hardin v. John Hancock Mutual Life Ins. Co., 387 So.2d 123 (Ala.1980).
I would affirm the trial court in its finding relative to the last sentence of paragraph “FIFTH D.,” which reads as follows:
“Any increases caused by changes in Husband’s income shall be prorated between child support and periodic alimony on the basis of $4.00 of child support to $1.00 of alimony.”
I agree that said sentence is no longer appropriate and that the child support obligation of the husband should be 25 percent of his net income after taxes, so long as the amount calculated thereby shall not exceed the ceiling amount of $2,000.00 nor fall below the floor amount of $1,200.00 per month.