SHEVIN, Judge.
Taxpayers appeal an amended final summary judgment denying them an ad valorem tax exemption. We affirm.
In 1987 and 1988, Tacolcy Economic Development Corporation [“Tacolcy”] acquired three parcels of property from Dade County. Tacolcy did not provide Dade County with any monetary consideration for the properties. Instead, Tacolcy accepted a restrictive deed obligating it to build low-income housing governed by rental regulatory agreements with Dade County’s Department of Special Housing. The agreements require Tacolcy to operate the buildings as special low-income housing projects for thirty years, subject to the County’s maximum allowable rent per unit determinations. If any deed restriction is violated, the properties revert to Dade County.
After securing construction financing, Ta-colcy transferred title to the properties as follows: title to the Edison Towers parcel was transferred to Shell City Associates, *1324 Ltd.;[1] title to the Edison Gardens 1 parcel was transferred to Edison Gardens, Ltd.;[2] title to Edison Gardens 2 was transferred to Edison Gardens II, Ltd.[3] [these titleholders are collectively referred to as “taxpayers”]. The limited partners are for-profit entities. The low-income housing projects were completed in 1991.
In 1991, the taxpayers filed an application with Joel W. Robbins, the Dade County Property Appraiser, for a 1991 ad valorem tax charitable exemption. The Property Appraiser denied the application. The taxpayers appealed the denial to the Dade County Value Adjustment Board [“VAB”]. The VAB referred the matter to a special master who recommended that a total charitable exemption be granted. The VAB granted the exemption, adopting the master’s recommendation. The Property Appraiser filed an action in Dade County Circuit Court challenging the VAB’s decision. § 194.036, Fla. Stat. (1991).
In 1992, the Property Appraiser again denied taxpayers a charitable exemption for 1992 ad valorem taxes. The taxpayers again sought review before the VAB, which, following a recommendation of a special master, granted the taxpayers a 75% exemption for 1992. The Property Appraiser again filed a lawsuit in Dade County Circuit Court challenging the VAB’s decision. The two cases were consolidated.
The sole issue before the trial court was whether the taxpayers met the definition of exempt entities in order to qualify for the exemption. The Property Appraiser filed a motion for summary judgment and filed the taxpayers’ articles of limited partnership to demonstrate the entities’ profit motives and intent to enjoy and allocate all available taxable income, gains, losses, deductions and credits.
The taxpayers filed a motion for summary judgment and supporting affidavits, asserting that the partnerships have never received or distributed any profits and do not anticipate any in the foreseeable future. The affidavits assert that the sole return the taxpayers’ limited-partner investors may anticipate, and the only distribution received, has been available tax benefits. The trial court granted the Property Appraiser’s motion for summary judgment finding that the taxpayers did not qualify as an exempt entity because the federal income tax low-income housing credit they enjoyed, pursuant to 26 U.S.C. § 42, was a benefit received from the property. The taxpayers appeal the final summary judgment.
This case presents us with an issue of first impression: Whether a federal income tax credit inuring to a taxpayer is a benefit that disqualifies a taxpayer from exempt entity status under section 196.195(3), Florida Statutes (1991), and therefore disqualifies the taxpayer from receiving an ad valorem tax charitable exemption. We affirm the trial court’s order and hold that an entity enjoying such a credit does not qualify for exempt entity status.
To receive an ad valorem tax exemption the property in question must be “owned by an exempt entity and used exclusively for exempt purposes-” § 196.192(1), Fla. Stat. (1991). The parties stipulated that the property was used exclusively for an exempt purpose. However, the Property Appraiser correctly took umbrage with the VAB’s finding that the taxpayers were exempt entities.
Section 196.195, Florida Statutes, provides the criteria for determining whether an entity is a nonprofit venture eligible for an exemption. The dispute in this case centers on the subsection (3) requirement that taxpayers “affirmatively show that no part of the subject property, or the proceeds of the sale, lease, or other disposition thereof, will inure to the benefit of its members, directors, or officers or any person or firm operating for profit or for a nonexempt purpose.” *1325 § 196.195(3), Fla. Stat. (1991). In construing the statute, we observe the “maxim of statutory construction that the exemption laws are to be strictly construed.” Dade County Taxing Auth. v. Cedars of Lebanon Hosp. Corp., 355 So.2d 1202, 1205 (Fla.1978).
The taxpayers argue that the trial court’s order is in error because their affidavits show that the entities received no profits or proceeds from the property. The Property Appraiser asserted that the federal income tax credit enjoyed by the taxpayers is a benefit which disqualifies the entities from exempt status. We agree with the trial court that the latter interpretation is consistent with the plain language of the statute and the underlying legislative intent.
The plain language of section 196.195(3) requires an exemption applicant to demonstrate that the entity, its members or directors, are not receiving any benefit from the property. Although the taxpayers may not be realizing profits from the property, as the affidavits assert, the receipt by the various partners of a federal income tax credit is certainly a “benefit” as the word is used in “its plain and ordinary sense.” Citizens of State v. Public Serv. Comm’n, 425 So.2d 534 (Fla.1982); Carson v. Miller, 370 So.2d 10 (Fla.1979). Benefit is defined as “anything contributing to an improvement in condition; advantage.” Webster’s New World Dictionary 138 (1959). Indisputably, a tax credit is an advantage and a benefit in a tangible financial sense. See generally Housing Pioneers, Inc. v. C.I.R., 58 F.3d 401 (9th Cir.1995)(income tax credit is a benefit that inures to those who receive it).
We are not persuaded that the only benefit the legislature was contemplating in enacting section 196.195(3) is the receipt of proceeds or profits. This is demonstrated by the grammatical construction of section 196.195(3), wherein the legislature requires a showing, in the disjunctive,[4] that “no part of the subject property, or the proceeds of the sale, lease, or other disposition thereof, will inure to the benefit” of the taxpayers. The tax credit based on property ownership is a benefit flowing from the property.
We agree with the taxpayers that “[i]n the field of taxation, administrators of the laws and the courts are concerned with substance and realities, and formal written documents are not rigidly binding.” Helvering v. F. & R. Lazarus & Co., 308 U.S. 252, 255, 60 S.Ct. 209, 210, 84 L.Ed. 226 (1939); Parker v. Hertz Corp., 544 So.2d 249, 250 (Fla. 2d DCA 1989). Unfortunately, this principle is unavailing to the taxpayers’ position. Upon looking beyond the form of the documents submitted by the parties to the substance of the transactions and the parties’ interests in the properties, it becomes clear that the taxpayers are receiving a benefit, in the form of a federal income tax credit, from the property. Hence, the taxpayers are not exempt entities and do not qualify for a charitable exemption from ad valorem taxation.
Taxpayers’ remaining points lack merit.
Affirmed.

.The general partner of Shell City Associates, Ltd. is A & R/TEDC Joint Venture. The limited partners are A & R Development Corp., TEDC/ Shell City, Inc., Theo C. Rodgers and William L. Adams.

. TEDC/Shell City, Inc., is Edison Gardens, Ltd.'s general partner. The limited partner is National Equity Fund 1988 Limited Partnership.

. TEDC/Shell City, Inc., is Edison Gardens II, Ltd.'s general partner. The limited partner is National Equity Fund 1989 Limited Partnership.

. "In its elementary sense, the word 'or,' as used in a statute, is a disjunctive article indicating an alternative.” 49 Fla. Jur.2d Statutes § 137, at 179 (1984).