## BEAR GULCH WATER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9503.

Circuit Court of Appeals, Ninth Circuit.

Jan. 13, 1941.

976

Herbert E. Hall, of San Francisco, Cal. (Calkins, Hall, Linforth & Conrad, of San Francisco, Cal., of counsel), for petitioner.

Samuel O. Clark Jr., Asst. U. S. Atty. Gen., and J. Louis Monarch, Berryman Green, and Morton K. Rothschild, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Bear Gulch Water Company, a California corporation, had a net income of $50,099.61 in 1933 and a net income of $55,605.36 in 1934, but paid no federal income tax in either year, its contention be-

ing that its income was exempt from federal taxation. Rejecting this contention, respondent, the Commissioner of Internal Revenue, determined that petitioner owed a tax of $6,888.70 for 1933 and a tax of $7,645.74 for 1934. Respondent was sustained by the Board of Tax Appeals. 40 B. T. A. 1281. The Board's decision is here for review.

Petitioner contends that its income for 1933 and 1934 was exempt from federal taxation (1) because it was a corporation organized and operated exclusively for educational purposes, within the meaning of § 103(6) of the Revenue Act of 1932 [1] and § 101(6) of the Revenue Act of 1934, [2] 26 U.S.C.A. Int.Rev.Code § 101 (6), and (2) because its income for 1933 and 1934 was income derived from a public utility and accruing to a State or political subdivision of a State, within the meaning of § 116(d) of the Revenue Acts of 1932 and 1934, [3] 26 U.S.C.A. Int.Rev.Code § 116(d).

The Board found that petitioner was organized in 1889; that prior to 1900, 80 per cent of petitioner's capital stock was acquired by a corporation, The Regents of the University of California (hereinafter called Regents), existing under and by virtue of the Constitution of California; [4] that thereafter, prior to 1920, Regents acquired the remaining 20 per cent of petitioner's stock; and that, in 1933 and 1934, all of petitioner's stock was owned and held by Regents.

[1] Section 103(6) exempts from federal income taxation: "Corporations * * * organized and operated exclusively for * * * educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual."

[2] Section 101(6) exempts from federal income taxation: "Corporations * * * organized and operated exclusively for * * * educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation."

[3] Section 116(d) exempts from federal taxation: "Income derived from any public utility * * * and accruing to any State * * * or any political subdivision of a State * * *."

[4] Section 9 of article 9 of the Constitution provides: "The University of California shall constitute a public trust, to be administered by the existing corporation known as 'The regents of the Uni-

versity of California,' with full powers of organization and government, subject only to such legislative control as may be necessary to insure compliance with the terms of the endowments of the university and the security of its funds. Said corporation shall be in form a board composed of eight ex officio members * * * and sixteen appointive members. * * * Said corporation shall be vested with the legal title and the management and disposition of the property of the university and of property held for its benefit and shall have the power to take and hold, either by purchase or by donation, or gift, testamentary or otherwise, or in any other manner, without restriction, all real and personal property for the benefit of the university or incidentally to its conduct. Said corporation shall also have all the powers necessary or convenient for the effective administration of its trust, including the power to sue and to be sued, to use a seal, and to delegate to its committees or to the faculty of the university, or to others, such authority or functions as it may deem wise * * *."

The Board did not find that petitioner was organized or operated for any educational purpose. Instead, the Board found: " * * * [Petitioner] was organized * * * for the purpose of acquiring land and water rights; constructing canals, ditches, reservoirs, and pipe lines; erecting water works; and operating a water distributing system. During the years 1933 and 1934, and during prior years, petitioner was engaged in the business of distributing and selling water to residents of the communities of Menlo Park, Atherton, and Woodside, in San Mateo County, California. The water distributing system of petitioner is located exclusively in San Mateo County. The University of California, which is located in Alameda County, and is separated from San Mateo County by San Francisco Bay, is not served with water by petitioner. The business office of petitioner is located at Menlo Park. At this office petitioner employs a business manager and ten other employees. * * * Receipts from the sale of water to private consumers constituted the entire and sole source of petitioner's income in 1933 and 1934. * * * Petitioner's business was a business enterprise conducted for gain."

■ The findings are supported by substantial evidence, and hence are conclusive. Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289; Burnet v. Leininger, 285 U.S. 136, 138, 52 S.Ct. 345, 76 L.Ed. 665; Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491; Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 490, 57 S.Ct. 569, 81 L.Ed. 755; Palmer v. Commissioner, 302 U.S. 63, 70, 58 S.Ct. 67, 82 L.Ed. 50; Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346; Colorado National Bank v. Commissioner, 305 U.S. 23, 25, 59 S.Ct. 48, 83 L.Ed. 20; Helvering v. F. & R. Lazarus & Co., 308 U.S. 252, 255, 60 S. Ct. 209, 84 L.Ed. 226. It follows that petitioner was not within the exemption of §§ 103(6) and 101(6), supra.

■ The Board found: "During 1933 petitioner did not declare any dividends, and, consequently, no income was received by the University [5] from petitioner." Thus it is clear that, in 1933, no part of petitioner's income accrued to Regents. For, although Regents was petitioner's sole stockholder, petitioner's income was not Regents' income and did not accrue to Regents until a dividend payable therefrom was declared by petitioner. Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 418–420, 53 S.Ct. 198, 77 L.Ed. 399. See, also, Lynch v. Hornby, 247 U.S. 339, 343, 38 S.Ct. 543, 62 L.Ed. 1149; Eisner v. Macomber, 252 U.S. 189, 208, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570.

There was no finding, nor any evidence warranting a finding, that petitioner was merged with or became a part of Regents (cf. Southern Pacific Co. v. Lowe, 247 U.S. 330, 333–339, 38 S.Ct. 540, 62 L.Ed. 1142), or that petitioner and Regents were parts of one enterprise (cf. Gulf Oil Corp. v. Lewellyn, 248 U.S. 71, 72, 39 S.Ct. 35, 63 L.Ed. 133). The case is clearly within the rule of Burnet v. Commonwealth Improvement Co., supra.

■ The Board properly refused to disregard the existence of petitioner as an entity separate and apart from Regents, for it did not appear that petitioner was Regents' alter ego,[6] or that to recognize petitioner's separate existence would promote fraud, defeat justice or produce inequitable results. Imperial Paper & Color Corp. v. Sampsell, 9 Cir., 114 F.2d 49, 52.

The Board found that, in 1934, "petitioner declared and paid a dividend of $10,000 on its capital stock, which was received by [Regents], as the sole stockholder." This, so far as the record shows, was the only dividend ever declared or paid by petitioner. There was no finding, nor any evidence warranting a finding, that this dividend or any part of it was paid from income accruing to or received by petitioner in 1933 or 1934. It may well have been paid from other funds.

■ So far as the record shows, no part of petitioner's income for 1933 or 1934 accrued to anyone except petitioner. Petitioner was not a State or a political subdivision of a State. Hence, we conclude that no part of said income was within the exemption of § 116(d), supra.

Decision affirmed.

---

[5] In the Board's findings, Regents—the corporation by which the University of California is administered—is sometimes called the University.

[6] See California cases cited in Imperial Paper & Color Corp. v. Sampsell, 9 Cir., 114 F.2d 49, 52.