COEUR D'ALENE COUNTRY CLUB v. VILEY, Collector of Internal Revenue for District of Idaho.

No. 1586.

District Court, D. Idaho, N. D.

Feb. 18, 1946.

Robert H. Elder and W. F. McNaughton, both of Coeur d'Alene, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Merrill K. Gee, Asst. U. S. Dist. Attys., all of Boise, Idaho, for the defendant.

CLARK, District Judge.

The plaintiff is a corporation organized under Sections 29-1001 to 29-1005, inclusive, Idaho Codes Annotated. Section 29-1004, Idaho Codes Annotated, reads as follows: "29-1004. Interests of members equal—Membership certificates. In such an association the rights and interests of all members shall be equal, and no member can have or acquire a greater interest therein than any other member. Such an association shall not issue any capital stock, but shall issue membership certificates to each member thereof, which certificates can not be assigned so that the transferce thereof can by such transfer become a member of the association, except by resolution of the board of directors and under such regulations as the by-laws may prescribe."

Its articles of incorporation are in regular form and provide that it is not organized for pecuniary profit and has no capital stock, and that its object among other things is to conduct a country club or society for the social enjoyment of the members; to construct, operate and maintain a golf course.

Having organized and incorporated as a non-profit association plaintiff claims that in all of its activities it is operated exclusively for pleasure and recreation.

Section 101, Title 26 U.S.C.A., Internal Revenue Code, provides as follows:

"Exemptions from tax on corporations.

"The following organizations shall be exempt from taxation under this chapter—

"* * * (9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder. * * *"

And under the Statute of the State of Idaho hereinbefore cited and under the Idaho income statute carrying an identical exemption as that provided in Section 101(9), Title 26 U.S.C.A. Int.Rev.Code, hereinbefore cited, the District Court of the Eighth Judicial District of the State of Idaho, in the case of Coeur d'Alene Country Club v. George W. Wedgewood, Tax Commissioner of the State of Idaho, involving income tax of this club for the same years, held that they had complied with the State statute and the Club was exempt from state income taxes. This decision is not binding on this Court, as the Federal Statute is to be construed independent of the State Statute or any construction placed thereon by the State Court. However, this Court takes note of that decision and recognizes that there should not be a conflict between the construction of the State Statute and the Federal Statute where the statutes are identical and the same question raised, if it is possible to harmonize the rulings.

In 1937, without itemizing fully all of the cash receipts of the plaintiff, we find among those receipts as shown by exhibit "1" introduced in evidence in the trial of the cause, an item of $5,485; that was received from leasing cottage sites to members only, —with the privilege to build cottages upon them,—on an annual basis. Also in 1937, one E. J. Gibson made a payment of $5,000 for a sixty year lease, in reality, a sale of several sites for himself and friends and employees who were members of the Club. These grounds with the improvements upon them comprised about one-tenth of the value of the total property owned by the club.

The transaction was beneficial to the club as a means of assuring maintenance of the club and the recreation afforded to its members by the club.

There was an item of $1,250 as a resale of memberships. This amount was the proceeds of the sale of five memberships which, on account of depression years, had been returned to the club by holders or were forfeited and resold at $250 each, the original price.

Another item of income was $2,542.55 which was green fees collected upon a charge of $1 per day to courtesy guests from neighboring clubs desiring to play upon the course.

The evidence shows that the course consists of 18 holes with sprinkler system reaching all the fairways, and greens which were grassed and kept in first-class condition, and that the fees charged these courtesy guests were based, in the opinion of the club, in a sum not greater than the cost of up-keep and the same as paid for the privilege by members by way of annual dues and calculated to be and were on actual cost basis.

As to the year 1938, as shown by the exhibits introduced in evidence, the receipts for that year which should be considered here are, first, an item of $4,780.03 reflecting the plaintiff's receipts from clubhouse consisting of receipts for refreshments and entertainment offered only to members and personal guests of members accompanying them, and, second, there is an item of $3,958.50 green fees which were collected upon a charge of $1 per day for the use of the golf course to members having personal guests or courtesy guests of the club desiring to play golf, and this fee was calculated and based upon a sum not greater than actual cost or greater than the amount paid, by members in annual dues for their personal use of the golf course.

As to the year 1939, the receipts are shown in detail in Exhibit 3, and the items of gross income as reported on the income tax returns are shown on Exhibit 18. The first item we need consider is the item of $8,253.98 which were receipts from the clubhouse and were for refreshments and entertainment afforded to members and guests of members on request and strictly confined thereto. The next item of $4,549 green fees collected upon a charge of $1 per day to members bringing guests or to courtesy guests of the club, which fee was calculated on a basis to be not greater than the cost

of maintenance of the course, which includes the sprinkler system reaching all fairways and greens, and the keeping of the course in first-class order, and was a sum not greater than paid by the members as dues for that privilege.

It can be said without contradiction that all of the income was for recreational services enjoyed by partaking members, and open to all members, and returned no benefit other than recreational pleasure to any member or shareholder, but the club by offering such pay service, improved and maintained its facilities better than it otherwise might have done, although all of the receipts of the plaintiff for the various years were devoted to the maintenance and improvement of the facilities of the club, all the services for which charges were made were only incidental to the plan and purpose to provide pleasure and recreation to the members, and from the financial statement it appears that they were necessary to fully and successfully carry out the purpose of the club.

The defendant assessed and collected from the plaintiff $988.37 in income taxes for the year 1937, notwithstanding plaintiff's claim of exemption, and assessed and collected from the plaintiff the sum of $194.-51 as income tax for the year 1938, notwithstanding its claim of exemption, and assessed and collected from the plaintiff the sum of $799.18 as income tax for the year 1939, notwithstanding plaintiff's claim of exemption, contending (Plaintiff's Exhibit 10): "As approximately twenty-six per cent of the organization's income is derived from nonmembers it is held that the organization is not entitled to exemption under the provisions of section 103(9) of the Revenue Act of 1928". A later contention was raised at the time of the trial by the defendant that there was no equality of treatment between the shareholders and the non-shareholders in that the non-shareholders had no interest or right in the assets of the club and that a percentage of the income for the respective years was invested in capital outlay, no part of which could be distributed to non-shareholders and that the tournament held in 1938, which showed a gross income of $464.30, was not shown to be without profit, and was not shown to not interfere with the usual and ordinary use of the property by its shareholders.

There is no contention, however, on the part of the defendant that the club was not

543

at all times operated exclusively for pleasure and recreation, and this is borne out by the evidence.

It has not sold any of its real property, nor purchased any additional real property. The buildings on the property have been remodeled to some extent and kept in good repair. Two cottages have been replaced by new ones. True, there were guests who participated in the recreational facilities of the club. It is quite doubtful whether this patronage returned any net gain from the guests; if it did, it is immaterial as the amount so collected was probably not in excess of what was paid by regular members.

It is not disputed and it is a fact that all receipts of the club have been devoted to the maintenance and improvement of the club. No dividends have ever been paid, nor has any distribution of receipts, revenues, assets or anything of benefit been made to members. I am unable to find any activity of the club except for the purpose of providing pleasure and recreation and to carry out the sole purpose of the club. It is hard to picture any club so organized that would not have guests.

■ The Ninth Circuit Court of Appeals in the case of Retailers Credit Ass'n of Alameda County v. Commissioner of Internal Revenue, 90 F.2d 47, at page 50, 111 A.L.R. 152, said: "Reading the statute · and the provision of the regulations together, we find that, in determining whether an organization is exempt from tax, three things are to be considered: (1) The kind or type of organization; (2) the purpose of the organization; and (3) the actual operations of the association."

■■ There can be no question here as to the type of the organization, or the actual operation of it. It was operated exclusively for the purposes specified and any business operation was only incidental to the purposes specified in the statute. The Ninth Circuit Court of Appeals in the above-cited case also said: "We believe that the proper interpretation of that rule is that, if the purpose to engage in such a business is only incidental or subordinate to the main or principal purposes required by statute, then exemption cannot be denied on the ground that the purpose is to engage in such a business." In that case also, the Court cites the case of Trinidad v. Sagrada Orden, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458, wherein the facts are comparable to the facts in the case now before us. The Fifth Circuit Court of Appeals in the case of Scofield v. Corpus Christi Golf & Country Club, 5 Cir., 127 F.2d 452, 454, where the club had revenue of $11,554.46 from an oil lease upon the Club's property, said: "The money that it got from the lease and the operations of its lessee, was merely an incident to the ownership of the land and no more converted the club into a corporation operating for profit, than ·it would have been converted if it had sold part of the lands outright as the Santee Club did, Santee Club, v. White, 1 Cir., 87 F.2d 5, or if it had only gotten a large bonus for an unproductive lease, as in the Koon Kreek Klub case, Koon Kreek Klub v. Thomas, 5 Cir., 108 F.2d 616, and no royalty." The Court further says: "The statute expressly gives the exemption to clubs operated as this one was and as long as the exemption holds, all revenues, of the club without regard to their source, are 'exempt from tax, because under the statute it is the nature and character of the operations of the club and the use made of the revenues, and not their source, which determines the exemptions." "The purpose for which property and the income therefrom is used is the test to be applied in determining whether such property is exempt from taxation." Sand Springs Home v. State, 168 Okl. 323, 32 P.2d 928, 929.

■ Taking into consideration the fact that this club has never stepped aside from its corporate purposes, of affording pleasure and recreation; that all of its activities were in furtherance of its exempt purposes; that there is no suggestion that it is being built up in contemplation of liquidation; that all of its earnings accrued from incidental activities and its income is used in accordance with its corporate purposes; that its business has been confined to members and their guests and only a very small percentage, if any, of its revenue is derived from the public and that the State of Idaho, through its District Court in and for the Eighth Judicial District, has adjudged, under an identical statute, that the plaintiff's activities are such that it is exempt from payment of state income tax, which decision has been accepted by the State. This Club is entitled to exemption and refund as prayed for.

Counsel for the plaintiff will prepare the necessary findings of fact, conclusions of law and decree, serve a copy on opposing counsel and submit the original to the Court for approval.