## KRIESIEN et al. v. UNITED STATES.

### Civ. A. No. 5306.

United States District Court
D. Oregon.

June 15, 1951.

Casey, Kriesien & Palmer, of Portland, Or., for plaintiff.

Henry L. Hess, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., Portland, Or. (Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe and Leon F. Cooper, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

SOLOMON, District Judge.

Plaintiffs, as trustees of the Hines Community Trust (sole stockholder of the City Corporation and the distributee of all assets of such corporation upon its dissolution), filed an action to recover income taxes paid by the City Corporation for the years 1944–47, inclusive.

The evidence showed that the City Corporation was organized in 1932 by the Edward Hines Western Pine Company, (hereinafter called Hines), the Bank of California and a Mrs. Allen, as a private corporation for the purpose of operating a partially completed housing project constructed by a company which had become hopelessly insolvent. The stockholders were all creditors of the insolvent builder and this corporation was organized as a means of salvaging their investments.

All of the common stock was issued to Hines. The preferred stock was issued to certain mortgagees in consideration of

the release of their mortgages and the liability of the Bank of California for an unsecured advance was recognized. The corporation rented the houses and later sold them on contract. Its operations were much more successful than anyone anticipated. As of July 7, 1943, the corporation had paid all of its unsecured obligations and, by borrowing $50,000, was able to retire all outstanding preferred stock.

On December 20, 1943, Hines donated all of the common stock of the City Corporation to the plaintiffs in accordance with a certain trust agreement which provided, among other things:

"The Trustees shall hold said shares of stock and prudently exercise all of the rights and privileges and perform all of the duties incident to and attendant upon the ownership of said shares of stock in said corporation to effect the most able and efficient management of the business of said corporation, to protect and conserve the assets, earning and income of said corporation, to pay and discharge its just debts, to convert its assets into cash and to effect the payment to said Trustees of the proceeds of such liquidation of said corporation and to dissolve and terminate its corporate existence; all this shall be completed within the shortest period of time consistent with good business management.

"That when the Trustees shall have received the proceeds of the liquidation of said City Corporation, and when the labor and material necessarily required for use in the construction of the Community Building hereinafter described is then available to them at fair and reasonable prices then in that event and in that event only, the said Trustees shall forthwith proceed to obtain a piece or parcel of land of such size and character as they may deem suitable as a site and construct the said Community Building thereon."

The Government concedes that the Hines Community Trust (hereinafter called the Trust) is an exempt organization. In 1946, the City Corporation made the last payment on the $50,000 note and, in February 1947, the remaining assets of the corporation consisting of houses and lots subject to contracts of sale were sold to Hines for the amount of the unpaid balances on such contracts. Shortly thereafter, the City Corporation was dissolved and its assets, which had been reduced to cash, were turned over to the Trust.

The City Corporation paid income taxes for the years 1944-45-46, and for the period up to its dissolution in 1947. In 1948, it filed claims for the refund of such taxes and, when such claims were disallowed, this action was filed. No claim that the City Corporation was exempt from income taxes was made prior to the filing of the claims for refund.

Plaintiffs assert that the City Corporation was exempt under § 101 (6) of the Internal Revenue Code, 26 U.S.C.A. § 101(6), which exempts: "(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation."

It is conceded that:

1. During the years for which the tax refunds are claimed, no part of the net earnings inured to the benefit of any private shareholder or individual, and

2. The corporation did not engage in carrying on propaganda or otherwise attempt to influence legislation.

Therefore, the exemption of the City Corporation depends upon whether this corporation "was organized and operated exclusively for charitable purposes."

Plaintiffs assert:

a. That in determining the purposes for which a corporation is organized and operated, the Court is not bound or limited by the articles of incorporation; that extrinsic evidence may be introduced to show that corporations, organized under provisions of the law applicable to the formation of corporations for profit, were in fact corporations organized and operated exclusively for charitable purposes. Roche's Beach,

Inc., v. Commissioner of Internal Revenue, 2 Cir., 1938, 96 F.2d 776.

b. That corporations originally organized for profit may be shown to have been re-organized as charitable corporations. Willingham v. Home Oil Mill, 5 Cir., 1950, 181 F.2d 9.

c. That by virtue of the declaration of trust, by which all of the stock of the City Corporation was transferred to the trustees of the Hines Community Trust, the corporation was merged and became part of the Hines Community Trust, an exempt organization. Therefore, the status of the Community Trust, and not of the corporation, determines its right to an exemption. Welch Holding Co. v. Galloway, 161 Or. 515, 89 P.2d 559. Imperial Paper and Color Corporation v. Sampsell, 9 Cir., 1940, 114 F.2d 49.

Section 101(6) requires that the corporation be *organized and operated* for charitable purposes. Here the corporation was organized for profit and it was operated with the hope of profit or benefit to its stockholders. When all of its common stock was transferred to the Trust. it was still operated for profit although the Trust, an exempt organization, was the sole stockholder. Until the Corporation was dissolved and its assets transferred to the Trust, the City Corporation income was not the income of the Trust. Bear Gulch Water Co. v. Commissioner, 9 Cir., 1941, 116 F.2d 975, certiorari denied 314 U.S. 652, 62 S.Ct. 99, 86 L.Ed. 523.

The City Corporation, unlike the Home Oil Mill, was not reorganized so as to come within the provisions of § 101(6) but continued without amendment to its articles or by-laws as a corporation for profit after the transfer of all of its common stock to the Trust.

The trustees of the Trust treated the City Corporation as a separate entity. The books and records of the City Corporation were kept and maintained and its reports were filed as a private corporation. Likewise taxes were paid on the income of the City Corporation.

The evidence here is inconsistent with the Trustee's claim that the City Corporation was merged with or became part of the Trust, nor were they parts of one enterprise even though the Trust was the sole stockholder. Bear Gulch Water Co. v. Commissioner, supra.

If the assets of the Corporation had been insufficient to satisfy the Bank's loan of $50,000, I do not believe that the Bank could have reached the other assets of the Trust.

Counsel for defendant shall prepare appropriate findings of fact, conclusions of law, and a judgment for defendant in accordance with this opinion.