## SQUIRE v. STUDENTS BOOK CORP.
### No. 12756.

United States Court of Appeals
Ninth Circuit.
Oct. 17, 1951.

5. See Rakes v. United States, 4 Cir., 169 F.2d 739, 743, and the authorities contained in note 2 cited to the text.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, George D. Webster and Virginia Adams, Sp. Assts. to Atty. Gen., J. Charles Dennis, U.S. Atty., Tacoma, Wash., for appellant.

Smith Troy, Atty. Gen., State of Washington, Lyle L. Iverson, Asst. Atty. Gen., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

The question in this case is whether a business corporation, wholly owned by an exempt educational institution, whose earnings are entirely devoted to the purposes of the educational institution, is exempt from federal income tax under § 101(6) of the Internal Revenue Code, 26 U.S.C.A. § 101(6), as being organized and operated exclusively for an educational purpose. The trial court decided the question in the affirmative.

The taxpayer (appellee) has for many years operated a store on its own property on the campus of Washington State College for the sale to students and faculty members at reasonable prices of text books, student supplies, and other items for the accommodation of students and faculty. The management works in coordination with the administration and faculty of the College in determining items of text books and supplies to be carried in stock. In addition, taxpayer conducts a student restaurant on the campus in quarters furnished without charge by the College. Approximately four per cent of its business is done with persons not connected with the College.

Prior to March 1947 all of taxpayer's stock was owned by the Associated Students of the State College of Washington, a nonprofit, tax-exempt corporation organized under state law. Cash dividends paid on the stock were earmarked for specific institutional purposes. Since March 1947 all of the stock has been held by the Board of Regents of the College pursuant to a trust agreement between the Regents and Associated Students whereby the principal and net earnings of the trust shall be used only in furtherance of the purposes for which Associated Students is organized. For the most part available funds have been devoted to a program for the construction of a student union building on or adjacent to the campus. Taxpayer's Board of Trustees declared dividends at such times as Associated Students asked for money to implement this construction program, the dividends being transferred to the College comptroller who in turn disbursed the funds for the purchase of land, title to which is held in the name of the State of Washington, and for other purposes connected with the construction of the student union building. Funds in excess of these needs are held in marketable securities.

Taxpayer's bylaws require that all actions of its Board of Trustees be submitted to the president of the College for approval. Likewise, all actions of the governing body of Associated Students are subject to the control of the president and the Board of Regents. The College comptroller acts ex officio as treasurer of the book store. The proposed student union building will be the property of the State of Washington. Taxpayer has never paid rebates to anyone and

no part of its net earnings have ever inured to any private benefit.

For the years 1943 through 1947 taxpayer paid to the Collector income and related taxes, and subsequently filed claims for refund thereof. This suit was brought to recover the payments.

Since the decision of the second circuit in Roche's Beach, Inc., v. Commissioner, 2 Cir., 96 F.2d 776, most of the circuits confronted with the problem appear to have applied the "ultimate destination" test in determining whether the profits of a commercial enterprise are exempt under § 101 (6), or, to put the matter another way, if the only purpose of the enterprise is to devote its profits to charitable or educational ends the exemption has been usually held to attach. It has been thought that the exemption, unlike exemption statutes generally, should be liberally construed because of the gain to the public through the encouragement of charity. In two very recent decisions, reaching opposite conclusions, namely, United States v. Community Services, 4 Cir., 189 F.2d 421, and C. F. Mueller Co. v. C. I. R., 3 Cir., 190 F.2d 120, the subject has been extensively reviewed and the authorities cited and discussed. We think it unnecessary again to plow this field, more particularly since Congress in the Revenue Act of 1950 has declared a different rule applicable for taxable years commencing after December 31, 1950.[1]

This court has itself made no definite pronouncement on the subject, although Smyth v. California State Automobile Ass'n, 9 Cir., 175 F.2d 752, mentions with seeming approval some of the cases holding that it is the purpose to which the income is devoted which determines whether the exemption exists. Our holding in Bear Gulch Water Co. v. Commissioner, 9 Cir., 116 F.2d 975, is cited by the government, but we think the situation there obtaining was not such as to render the decision of any value for present purposes.

Resolution of the case before us does not depend wholly on the ultimate destination of the taxpayer's profits. The business enterprise in which taxpayer is engaged obviously bears a close and intimate relationship to the functioning of the College itself. In some of the cases adhering to the general rule no similar relationship is discernible. In the Mueller case, supra, for example, in which the third circuit reversed the Tax Court to hold the enterprise exempt, the taxpayer was a mere commercial macaroni manufacturing plant, in competition with other such plants. In United States v. Community Services, supra, where the activity in question was held not exempt, the taxpayer operated a canteen refreshment service, a coal and wood yard, a filling station, and an electrical appliance store; and the court observed that even the corporation primarily subserved by the business activities of the taxpayer was itself a privately-owned textile mill. All things considered, we are not disposed to hold that the trial court was wrong in its disposition of the case.

Affirmed.

---

1. The 1950 Act adds at the end of Code section 101 the following: "An organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt under any paragraph of this section on the ground that all of its profits are payable to one or more organizations exempt under this section from taxation." However, Congress was careful to say that this provision should have no retroactive effect and that no inferences were to be drawn from its enactment.