**SICO CO. v. UNITED STATES.**

No. 49317.

United States Court of Claims.

Jan. 8, 1952.

James S. Y. Ivins, Washington, D. C., for plaintiff. Ivins, Phillips & Barker, Washington, D. C., were on the briefs.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for defendant.

Andrew D. Sharpe and Ellis N. Slack, Washington, D. C. were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff was incorporated as a non-stock charitable corporation under the laws of Delaware (finding 5), its objects and purposes being stated in its charter in words precluding the use of any of its net income for other than charitable purposes.[1] The corporate charter granted it certain powers to gain income for charitable purposes, including the power of carrying on business. The corporation entered into business, as shown in the findings, in order to gain profit for the accomplishment of its charitable purposes, namely, the promotion of public education by the appropriation of funds from its earnings for the benefit of Public Schools. The plaintiff acquired, by purchase and by gift the stock of three business corporations, caused two of them to be liquidated, took over and carried on their business of distributing petroleum products, and paid out its net income to public school districts in the State of Pennsylvania (findings 4–10). No part of the net income of plaintiff inured to the benefit of any individual.

The plaintiff was incorporated December 18, 1941, and in that month acquired the stock of the corporations mentioned in finding 6. Pursuant to a resolution of its directors May 22, 1943, plaintiff dissolved two of these corporations and took over the direct operation of the business of these companies.

Upon the filing by plaintiff of information returns claiming exemption from taxation, the Commissioner of Internal Revenue advised plaintiff on August 24, 1943, and again on December 3, 1945, of his rulings that it was exempt from taxation under Sections 101(6), 1426 and 1607, of the Internal Revenue Code, 26 U.S.C.A. §§ 101(6), 1426, 1607. Findings 13–15. However, on September 27, 1948, the Commissioner of Internal Revenue advised plaintiff, as shown in finding 16, that "The Bureau now takes the position that a commercial corporation which is engaged primarily in ordinary business operations is not exempt from Federal income tax purposes specified in section 101(6) of the Internal Revenue Code. * * * Bureau rulings of August 24, 1943, and December 3, 1945, are hereby revoked." The Commissioner further ruled that inasmuch as plaintiff had relied upon the prior rulings that it was exempt from taxation, the decision of September 27, 1948, would not (under authority of § 3791(b), Internal Revenue Code, 26 U.S.C.A. § 3791(b) be applied to the year 1947 and prior years but that plaintiff would be required to file returns and pay taxes for 1948 and subsequent years. Plaintiff filed income tax returns for 1948 and 1949, reporting thereon its net income from operations. On both of these returns it claimed exemptions from taxation. Finding 17. The plaintiff also filed an Employer's Tax Return (Form SS–1a) for the quarter beginning January 1, 1949, and ending March 31, 1949, showing a total employer's tax of $831.34 and a total employees' tax of $831.34, aggregating $1,662.68. For this period the plaintiff, believing that it was legally exempt from tax, collected no amounts from its employees on account of the tax and the total sum mentioned was paid by plaintiff out of its net income. Plaintiff filed claims for refund of the Federal Insurance Contributions tax of $1,662.68 paid, pursuant to the Commissioner's ruling, under Section 1426(b) (8) of the Internal Revenue Code. These claims were rejected.

The question presented in this case is not new. It has been before the courts under various statutes granting exemptions since the decision in Northwestern University v.

---

1. The promotion of education is a charitable purpose. Restatement, Trusts. § 368, Comment (a); § 370, Comments (b), (d) and (e); § 373, Comment (b).

People of State of Illinois, 1878, 99 U.S. 309, 25 L.Ed. 387, and the leading case interpreting an exemption provision of a statute, such as we have in this case, is Trinidad v. Sagrada Orden De Predicadores, 1924, 263 U.S. 578, 580, 44 S.Ct. 204, 205, 68 L.Ed. 458. In that case the Court held that a corporation could be "operated exclusively" for one of the exempt purposes stated in the Revenue Act of 1913, notwithstanding the fact that it derived income from business.[2]

■ The defendant contends in the case at bar that "A corporation engaging in ordinary commercial business for profit is not exempt from employment tax merely because its profits are distributable within the discretion of its directors to exempt organizations." In effect, this contention of the Government is that the source rather than the destination of the income should be the determining factor on the question of whether or not the corporation is exempt from taxation. The same position has been taken by the Treasury Department in many cases involving exemption under statutes subsequent to the Revenue Act of 1913, which contain substantially the same provision which the Supreme Court construed in the Trinidad case, supra, and in practically all of the cases decided by the courts involving the specific question presented in this case under substantially identical facts, the decisions have been adverse to the Government's contention. We deem it unnecessary in this case to cite and discuss the long line of authorities to this effect. It is sufficient to say that the great weight of authority on the question presented is to the effect that under facts such as are involved in this case, the exemption from taxation granted by the statutes makes the destination of the income, that is, the purpose and object to which it is devoted, rather than its source, the ultimate test of its exemption. We so held in Southeastern Fair Association v. United States, 52 F. Supp. 219, 223, 100 Ct.Cl. 216, in which the court said: "Whether an enterprise is exclusively educational, or religious, or charitable, for tax exemption purposes, depends, not upon how it makes its money, but upon the purpose for which it makes it, that is, how it spends what it makes."

2. The Court said, in part:

"The defendant concedes that the plaintiff is organized and operated for religious, charitable and educational purposes and that no part of its net income inures to the benefit of any stockholder or individual, but contends that it is not 'operated exclusively' for those purposes, and therefore is not within the exception in the taxing act. Stated in another way, the contention is that the plaintiff is operated also for business and commercial purposes in that it uses its properties to produce income, and trades in wine, chocolate and other articles. In effect, the contention puts aside as immaterial the fact that the income from the properties is devoted exclusively to religious, charitable and educational purposes, and also the fact that the limited trading, if it can be called such, is purely incidental to the pursuit of those purposes, and is in no sense a distinct or external venture.

"Whether the contention is well taken turns primarily on the meaning of the excepting clause, before quoted from the taxing act. Two matters apparent on the face of the clause go far towards settling its meaning. First, it recognizes that a corporation may be organized and operated exclusively for religious, charitable, scientific or educational purposes, and yet have a net income. Next, it says nothing about the source of the income, but makes the destination the ultimate test of exemption.

"Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when not conducted for private gain. Such activities cannot be carried on without money; and it is common knowledge that they are largely carried on with income received from properties dedicated to their pursuit. This is particularly true of many charitable, scientific and educational corporations and is measurably true of some religious corporations. Making such properties productive to the end that the income may be thus used does not alter or enlarge the purposes for which the corporation is created and conducted. * * *

" * * * In using the properties to produce the income, it therefore is adhering to and advancing those purposes, and not stepping aside from them or engaging in a business pursuit."

■ We have carefully considered the arguments made by the defendant in this case but in our opinion they are not well-taken, and we adhere to the view previously taken by this court and by many other courts which have considered the question, that corporations, such as the plaintiff, are exempt from taxation under the exemption provisions of the statutes in effect prior to the enactment of Section 301(b), Title III, of the Revenue Act of 1950, Pub.Law 814, 2d Sess., 81st Cong., approved Sept. 23, 1950, 26 U.S.C.A. § 101.

In the case of United States v. Community Services, Inc., 4 Cir., 189 F.2d 421, the court held, in effect, that the source rather than the destination of the income should be the determining factor in the interpretation of the tax-exemption provision of the statute relating to the exemption from taxation of corporations organized and operated exclusively for religious, charitable, scientific, literary, or educational *purposes*. We have carefully considered the court's opinion in that case but we are unable to concur in the conclusion reached therein, for the reasons well-stated in C. F. Mueller Co. v. Commissioner of I. R., 3 Cir., 190 F.2d 120, with which we agree.

The plaintiff is entitled to recover and judgment will be entered in its favor for $1,662.68, with interest as provided by law. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.