**RALPH H. EATON FOUNDATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14047.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1955.

Martin H. Webster, Los Angeles, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., S. Dee Hanson, Louise Foster, Ellis N. Slack, Sp. Assts. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, I. R. S., Washington, D. C., for respondent.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is a proceeding to review an order of the Tax Court determining deficiencies in petitioner's income tax for the period beginning March 1947 and ending January 31, 1949. The question presented is whether a corporation engaged in ordinary business activities for profit is entitled to exemption from income tax under § 101(6) of the Internal Revenue Code, 26 U.S.C.A., solely by reason of the fact that its profits are payable to religious, charitable or educational enterprises.

Petitioner was organized under the laws of Arizona in March, 1947. Its incorporators and directors are Ralph H. Eaton and wife and one Kent. It has no capital stock and its articles prohibit the issuance of any. The articles state that the purpose of the corporation is to foster and promote religious, charitable and educational enterprises, and that it does not contemplate pecuniary gain or profit to the members thereof. Clearly, however, the corporation itself was not intended to operate and did not operate as a religious, educational or charitable institution. What was purposed was only that the profits from its various business activities would be turned over to such institutions. In a word, petitioner is a "feeder" corporation whose principal activities have not the remotest connection with any religious, charitable or educational enterprise. The record

shows that it engaged actively and exclusively in various commercial or business enterprises, namely farming, selling of real estate lots, the selling of sport clothes, and in a construction business.

At the beginning petitioner adopted a list of 26 named beneficiaries engaged in charitable or religious work to whom its funds would, at its discretion, be made available. Later seven additional named beneficiaries were added to its list. These lists were compiled after investigation of each of the organizations. All of the latter had to be and were engaged in activities which carried out the purposes and ideas for which petitioner had been established. None of them had any private, beneficial or personal interest in the petitioner. During the period in controversy petitioner had net income in excess of $80,000 and made contributions to beneficiaries in the total amount of $6,550. The good faith or the benign objective of petitioner's founders is not questioned, nor is it disputable that land and other valuable property interests, plus personal services, were donated to petitioner by the Eatons. Nevertheless we may note the obvious possibility that petitioner's net earnings may in the future inure to private individuals or heirs of its founders. There is no prohibition in the corporate articles against the ultimate reversion of its undistributed earnings or assets in event petitioner is liquidated at the end of its corporate life of 25 years.

Petitioner's reliance is on § 101(6) of the Code. During the tax years in question that statute provided in material part as follows: "Exemptions from tax on corporations. The following organizations shall be exempt from taxation under this chapter— * * * (6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of

any private shareholder or individual * * *." 1

The Ninth Circuit has not gone overboard in its application of this statute. Cf. Bear Gulch Water Co. v. Commissioner, 116 F.2d 975. In the more recent case of Squire v. Students Book Corporation, 9 Cir., 191 F.2d 1018, 1020, we held that an incorporated bookstore which was owned or entirely controlled by Washington State College and whose earnings were devoted solely to the purposes of that institution was exempt under § 101(6). We observed that the court had not committed itself to the ultimate destination test frequently applied elsewhere. We said that "Resolution of the case before us does not depend wholly on the ultimate destination of the taxpayer's profits. The business enterprise in which taxpayer is engaged obviously bears a close and intimate relationship to the functioning of the College itself."

A number of the circuits have given the statute very broad or liberal scope, applying in cases more or less analogous to the present what is known as the ultimate destination test. At this late date no useful purpose would be served by dwelling on those decisions. The bulk of them are cited and to a degree analyzed by the Fourth Circuit in United States v. Community Services, 189 F.2d 421, 424, certiorari denied 342 U.S. 932, 72 S.Ct. 375, 96 L.Ed. 694, where the ultimate destination test was rejected. The court, speaking through Judge Dobie, thought that the taxpayer involved was in effect organized and operated for two purposes: (1) to engage in commercial business for profit, and (2) to turn over the profits realized from those commercial activities to charitable organizations. It said that "the second purpose is charitable; the first purpose clearly is not. To qualify for the exemption here, the corporation must be

'organized and operated *exclusively* for * * * charitable * * * purposes.'"

In the case before us it would appear that none of the activities in which petitioner actually engaged was charitable or religious. All were of a business or commercial nature. But assuming the function of turning over the profits was an activity or operation it certainly was not the principal one. We agree with the Fourth Circuit that the word "exclusively" as used in the statute must be given effect.

Affirmed.

1. Congress in the Revenue Act of 1950 has in effect amended the section to exclude expressly the right to exemption of feeder corporations such as petitioner.

The legislation is quoted in footnote 1 of this court's opinion in Squire v. Students Book Corp., 9 Cir., 191 F.2d 1018, at page 1020.