**SPOKANE MOTORCYCLE CLUB, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2300.**

United States District Court
E. D. Washington, N. D.
Aug. 9, 1963.

Harvey Erickson, Spokane, Wash., for plaintiff.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for defendant.

POWELL, Chief Judge.

This is an action by the plaintiff for a refund of income taxes, penalties and interest. The plaintiff claims that it is a nonprofit, charitable corporation and as such is exempt from Federal income taxes. This is disputed by the defendant.

The plaintiff was incorporated in the State of Washington October 1, 1947, as a charitable, nonprofit corporation, under the state statutes permitting such incorporation. The documents filed with the state and county recite that the Spokane Motorcycle Club, Inc. was organized for educational, charitable and benevolent purposes for the establishment and maintenance of a social club and for the purpose of assisting in advancement and scientific development in the field of motorcycling.

Plaintiff filed a Tax Form No. 1120 for the tax year 1960, in which the tax was fixed at $247.59. An assessment against the plaintiff was made on November 11, 1961, for the following:

| Tax | $247.59 |
| Penalty | 61.90 |
| Interest | 9.56 |
| | $319.05 |

Payment was made and on or about December 26, 1961, the plaintiff filed appropriate claim for refund of the tax, penalties and interest. The claim was denied by the defendant and this suit for refund was filed.

The plaintiff contends that there has been no change in the corporate structure since its organization and that no profit or gain inured to the benefit of any private person or corporation as a result of the activities of the plaintiff during the tax year 1960. The plaintiff claims that it owned no real or personal property in 1960 or prior years, except the cash as disclosed in the 1960 income tax return, that out of the net profits for that year of $825.31 none of that amount was spent for the benefit of any private person and none of it inured to the benefit of any individual.

The defendant contends that the plaintiff made profits on events to which non members were invited during the year 1960 and that the profits realized by the plaintiff inured to the benefit of the members of the plaintiff. Payments were not made in cash but the monies were expended for the pleasure of the members of the plaintiff in furnishing them goods, food and services.

The income tax return of the plaintiff (Ptf. Ex. 3) discloses a total gross income for the year 1960 of $4586.47. Of this amount dues were $102.00. The balance of the income was from sales of tickets, goods and services for hill climbing events and paid by the general public, and interest on bonds and savings account. The net profit was $825.31. The testimony showed that the monies were expended on what were called "gypsy tours" in which the members would furnish their own motorcycles and pay their own expenses on trips to neighboring communities. The Club would pay for refreshments and meals.

Qualification as an organization exempt from taxation under § 501(c) (7) of the 1954 Code, 26 U.S.C.A. § 501, is predicated upon three conditions:

1. The organization must be organized exclusively for pleasure, recreation and other nonprofitable purposes.

2. The organization must be operated exclusively for these purposes.

3. No part of the net earnings of the organization can inure to the benefit of any private shareholder.

An examination of the documents of incorporation of this association conclusively shows that it was organized for pleasure, recreation and other nonprofit purposes. It therefore fits the first requirement of the statute. The second and third requirements become difficult of application to the plaintiff here. It may have been operated for exempt purposes provided all of the funds realized as net profits were used for exempt purposes, and so requirements 2 and 3 in a sense are merged.

Squire v. Students Book Corp., 191 F.2d 1018 (9 Cir., 1951), states that the "ultimate destination" test is applied in determining whether the profits are exempt and if the only purpose of the enterprise is to devote its profits to charitable or educational ends. In that case the Student Book Corporation was held exempt because its profits were used for charitable purposes. To the same effect were, Sico Co. v. United States, 102 F. Supp. 197, 121 Ct.Cl. 373 (1952), and Jack Little Foundation for Aid to the Deaf v. Jones, 102 F.Supp. 326 (W.D. Okl.1951). In the latter case, although a substantial profit was made from transactions in surplus property, all of the monies realized by the foundation were used exclusively for charitable purposes and therefore the organization was exempt.

On the other side of the scale we have Northwestern Jobbers' Credit Bureau v. Commissioner of Internal Revenue, 37 F.2d 880 (8 Cir., 1930), in which the organization was for exempt purposes but the net profits were held in a surplus fund. That fund was used to further the activities of the appellant and, although no dividends were paid, the shareholders received substantial assistance by the use which was made of the surplus fund. It was held that the profits did inure to the benefit of the members and the organization was not exempt. To the same general effect are, Jockey Club v. Helvering, 76 F.2d 597 (2 Cir., 1935), West Side Tennis Club v. Commissioner of Internal Revenue, 111 F.2d 6 (2 Cir., 1940), and Aviation Club of Utah v.

Commissioner of Internal Revenue, 162 F.2d 984 (10 Cir., 1947). In the last case the court said:

"*  *  *  But it is clear that when a club, otherwise exempt, engages in a business from which it derives profits from outside sources wholly disproportionate to its nontaxable purposes, and such profits inure to the benefit of its members in the nature of permanent improvements and facilities, it loses its exempt status under the definitive provisions of the statute. It should be noted that to be exempt from taxation, the club must not only be organized exclusively for pleasure, recreation and other nonprofitable purposes, but it must be operated exclusively for those purposes as well." (P. 986 of 162 F.2d)

Coeur D'Alene Country Club v. Viley, 64 F.Supp. 540 (D.C.Ida.1946), held the plaintiff was an exempt organization. The decision is based upon the factual determination that where guests participated in the recreational facilities of the club, it is doubtful that the club received any net gain from the guests and that if it did it was immaterial as the amount so collected was probably not in excess of that paid by regular members. This is the general holding of Jockey Club v. Helvering, supra, where the Court says:

"*  *  *  but it does mean that the returns from transactions with outsiders, taken by and large, shall be no more than a reimbursement of their cost to the club; shall not be a source of income.  *  *  *" (P. 598 of 76 F.2d)

■ Counsel for plaintiff argues that the amount involved in this case is de minimis and no other cases with such a small amount involved have reached the courts. This may be true but it does not change the principle involved.

■ Refreshments, goods and services furnished to the members of an exempt corporation from the net profits of the business enterprise are benefits inuring to the individual members. In this case,

although the amounts were not large, I must hold that the organization was not operated exclusively for recreation, pleasure, charitable and other nonprofit purposes and that part of the earnings of the organization did inure to the benefit of private individuals.

This opinion will be considered as the findings of fact. The defendant's counsel is requested to prepare and submit judgment dismissing the complaint.