**CITY OF BETHEL, Alaska, and Community Liquor Sales, Inc., Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 77–3086.**

United States Court of Appeals, Ninth Circuit.

April 11, 1979.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., Ann B. Durney, Washington, D. C., for defendant-appellant.

Joseph H. Thibodeau (argued), Nelson, Harding, Marchetti, Leonard & Tate, Denver, Colo., for plaintiffs-appellees.

---

Before WRIGHT, GOODWIN and AN-DERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

This is an appeal from a tax refund action brought by City of Bethel, Alaska (Bethel), and Community Liquor Sales, Inc. (CLS). After a bench trial, the district court found that the revenue in question was exempt from federal income tax under section 115(a) of the Internal Revenue Code of 1954.[1] We reverse because the revenue had not accrued to Bethel and therefore was taxable income to CLS.[2]

## FACTS

For years Bethel has been plagued with alcohol-related problems. In 1965 the citizens of Bethel voted to prohibit the sale of alcohol in the City. The problems continued, however, for alcohol purchased legally elsewhere was readily available in Bethel. In 1966 the citizens voted to end prohibition.

To control the sale of alcohol, CLS was incorporated and licensed as the sole licit supplier of alcohol in Bethel.[3] CLS was a nonprofit corporation managed by three trustees, all of whom served at the pleasure of the Bethel City Council. The Articles of Incorporation expressly denied to the corporation the power to issue stock and declare dividends. CLS's profits, with minor exceptions, were retained to purchase inventory until CLS was dissolved in 1973 when the citizens again voted to prohibit the sale of alcohol. The assets of the corporation were then turned over to Bethel.

From 1967 through 1971,[4] CLS filed returns and paid income tax on its net profits. During those years CLS and Bethel maintained wholly separate books and accounts. CLS did pay licensing and rental fees to Bethel,[5] but CLS's profits were not listed as an account receivable or other asset on Bethel's financial statements.

## ANALYSIS

■ Section 115(a) exempts from income tax income "accruing to a State . . . or any political subdivision thereof. . ." *See generally* Tucker and Rombro, *State Immunity from Federal Taxation: The Need for Reexamination,* 43 Geo.Wash.L.R. 501 (1975). CLS was a distinct legal entity. The income was never actually transferred to Bethel from CLS, nor do any bookkeeping entries reflect that the income was owed to Bethel. The Eighth Circuit has held, and we agree, that a right en futuro to receive the assets of a corporation upon dissolution cannot be equated to present accrual of the income. *Omaha Public Power District v. O'Malley,* 232 F.2d 805 (CA 8), *cert. denied,* 352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 (1956).

■ Through its power of appointment, Bethel did control CLS, but control of a corporation does not automatically cause

---

1. Section § 115(a) provides:
   "(a) *General rule.*—Gross income does not include—
   (1) income derived from any public utility or the exercise of any essential governmental function and accruing to a State or Territory, or any political subdivision thereof, or the District of Columbia; or
   (2) income accruing to the government of any possession of the United States, or any political subdivision thereof."
   26 U.S.C.A. § 115(a).
   In 1976, this subsection was amended to delete the words "or Territory" and redesignated § 115. Act of Oct. 4, 1976, Pub.L. 94–455, Title XIX, § 1901(a)(19), 90 Stat. 1766. Because Bethel's refund claim is governed by the wording of § 115(a), we refer to the exemption as § 115(a).

2. Appellant also contends that § 115(a) is inapplicable because the income was not derived from an essential governmental function. Our disposition of the accrual issue obviates resolution of this additional contention.

3. The City Council realized the liquor store would generate a profit, yet this was not the primary motivation for opening a City-controlled store.

4. Refunds for the years 1967 and 1968 were denied on summary judgment because the statute of limitations had run (R. 61). Bethel has not appealed this ruling; consequently, the instant appeal affects only the years 1969, 1970, and 1971.

5. Neither CLS nor Bethel paid tax on these amounts.

the income to accrue to the controlling entity. *Bear Gulch Water Co. v. Commissioner of Internal Revenue,* 116 F.2d 975 (CA 9), cert. denied, 314 U.S. 652, 62 S.Ct. 99, 86 L.Ed. 523 (1941). In *Bear Gulch* the court held that a corporation's retained earnings do not accrue to a government entity for purposes of section 115(a) even though the corporation's stock is wholly owned by the government entity. Here, Bethel could have exercised its control to effect accrual by having the trustees distribute CLS's profits to the City,[6] but it never did.

■ If the income had been transferred to Bethel coffers and then expended to finance CLS's operations, a different result might follow, for then the money undeniably would have accrued to Bethel. Instead, the income was retained by CLS and shown as an asset on its financial statements. No offsetting debit to Bethel was reflected in CLS's financial records, nor did Bethel's financial records reflect any right to receive income from CLS. Inasmuch as the two entities were operated separately and reported their income separately, the income of one cannot be said to be the income of the other without more. Here, the income was never received by the City, and there is no indication either the City or CLS recognized a present obligation to the City from CLS. No matter what expectation the City might have had that it would receive distributions from CLS, the amounts of those receipts could not be fixed with any reasonable certainty until the distributions were actually made. Therefore, there is no basis for inferring accrual as that term is ordinarily defined.

Bethel asks us to expand the definition of accrual beyond its ordinary meaning. Yet, as appellant points out, the Tax Court has strictly construed the term, suggesting that only actual receipt will suffice. *Troy State University v. Commissioner,* 62 T.C. 493 (1974). We need not decide whether the accrual criterion should be narrowly or broadly construed, for under any definition Bethel has failed to offer sufficient objective evidence to support its claim that the income accrued to it each year.

Appellees failed to satisfy their burden of proving the income should be excluded from gross income. On remand judgment shall be entered in favor of the United States.

REVERSED.

---

6. This was authorized by the Articles of Incorporation, Article II:

"The balance, if any, of all money received by the corporation from the operations of its liquor store, after the payment in full of all debts and obligations of the corporation of whatever kind or nature, shall be distributed exclusively to the City of Bethel, Alaska, for use in promotion of the general welfare of the City and its inhabitants."